STATE ex rel. MAHLER v. CITY OF TULSA et al.

No. 30179. Nov. 17, 1942.

Rehearing Denied Feb. 9, 1943.

Application for Leave to File Second Petition for Rehearing Denied June 15, 1943.

*138 P. 2d 86.*

E. D. Gillespie and H. L. Smith, both of Tulsa, for plaintiff in error.

Milton W. Hardy and H. O. Bland, both of Tulsa, A. M. Covington, Pierce & Rucker, all of Oklahoma City, C. H. Rosenstein, Green & Farmer, and Yancey, Spillers & Bush, all of Tulsa, Looney, Watts, Fenton & Eberle, of Oklahoma City, N. E. McNeill, Emil Hastings, H. R. Duncan, Hal Crouch, Chris Rhodes, J. H. Hill, John R. Ramsey, B. W. Griffiith, Sol H. Kauffman, J. C. Denton, I. L. Lockewitz, and Tom Durham, all of Tulsa, and Chandler, Shelton, Fowler & Swinford, of Oklahoma City, for defendants in error.

CORN, V. C. J. This action was brought under the informer statute to recover certain sums of money alleged to have been illegally disbursed by the officials of the city of Tulsa. It was instituted and is being prosecuted in the name of the state on relation of a taxpayer against the city of Tulsa, its mayor, city commissioners, auditor, and the sureties on their respective official bonds. Certain of the defendants moved to dismiss the action, on the ground that the notice or demand of the taxpayers upon the mayor and city commissioners to institute the action to recover said funds was insufficient to give the court jurisdiction of the case. The motion was sustained and the action dismissed, and the plaintiff brings this appeal.

The particular question and only question involved in the appeal is whether the requirements of section 5965, O.S. 1931, 62 O.S. 1941 § 373, are satisfied by service of taxpayers' notice or demand in the following manner: The original notice is signed with pen and ink by the taxpayers, and it, together with a duplicate of the original, was served on the mayor of the city, and other duplicate copies of the original thereof, made at the same time and by the same stroke of the typewriter, were served on each of the city commissioners, and city auditor and the city attorney, such duplicates of the original bearing the names in typewriting of the demanding taxpayers, and showing their residence addresses. The defendants contend that every notice served on every defendant should have been signed by all of the demanding taxpayers to satisfy the requirements of the statute.

The above mentioned statute, 62 O.S. 1941 § 373, is as follows:

"Upon the refusal, failure or neglect of the proper officers of any county, township, city, town or school district, after written demand made upon them by ten resident taxpayers of such county, township, city, town, or school district, to institute or diligently prosecute proper proceedings at law or in equity for the recovery of any money or property belonging to such county, township, city, town, or school district, paid out or transferred by any officer thereof in pursuance of any unauthorized, unlawful, fraudulent or void contract, made, or attempted to be made, by any of its officers for any such county, township, city, town, or school district, or for the penalty provided in the preceding section, any resident taxpayer of such county, township, city, town, or school district affected by such payment or transfer after serving the notice aforesaid and after giving security for costs, may in the name of the State of Oklahoma, as plaintiff, institute and maintain any proper action which the proper officers of the county, township, city, town, or school district might institute and maintain for the recovery of such property, or for said penalty; and such municipality shall in such event be made defendant, and one-half of the amount of money and one-half of the value of the property recovered in any action maintained at the expense of a resident taxpayer under this section, shall be paid to such resident taxpayer as a reward."

After service was made upon all the defendants as above stated, and pursuant thereto, the mayor and city commissioners took formal action upon the

demand refusing to institute the action as demanded by the taxpayers.

The defendants in error have filed extensive briefs in support of their contention that the notice and demand were insufficient, therein discussing the notice required under various and sundry statutes bearing no relation to the one here involved. We do not feel it incumbent upon us to discuss matters so far afield from the question involved in this appeal.

This statute has been discussed in a number of cases wherein the question was raised as to the sufficiency of the demand and notice as to form and content, but we do not find where this particular question has been raised or passed upon in any of these cases. It is not contended that it must be served by any person interested in the prosecution of the proceedings, or by an agent or attorney of any such person. The sufficiency of the demand and notice as to form or contents is not challenged, but it is contended that the instruments served were fatally defective and constituted no service at all, because of the fact that the genuine signatures of the demanding taxpayers upon the original demand were not likewise affixed to the copies served, but instead were written in with the typewriter.

We are unwilling to hold that the statute contemplates such a notice as contended for by defendants in error. The statute is broad and general in its terms, requiring only that the demand be in writing and that it be served as a notice upon the proper officers. It is not within the province of this court to engraft upon the statute cumbersome details and requirements not reasonably necessary in carrying out the purpose of the statute. In the case of Dowler v. State, 179 Okla. 532, 66 P. 2d 1081, this court said:

"We have not overlooked the rule that requires a strict construction of the statute relative to the giving of notice in such cases, but we know of no rule which requires such a technical construction as would destroy the obvious purpose of the law. There are no technical requirements contained in the statutes relative to the form of notice. In Dorsett v. State, 144 Okla. 33, 289 P. 298, this court, in considering the question of the service of such a notice, and discussing the purpose of same, uses the following language: '. . . The purpose of this notice is to challenge the attention of the officer or officers to an irregularity of expenditure to an illegal or fraudulent contract or dispersement of public moneys before suit is brought against them by a taxpayer. . . .' "

The record shows that the purpose of the notice was accomplished. The city commission held a meeting with all members present, including the mayor, and all participated in the action taken upon the taxpayers' demand which was before the body for consideration.

We therefore hold that the demand and notice were sufficient, and the judgment of the trial court dismissing the action is reversed and the cause remanded, with directions to set aside the order sustaining the motion to dismiss, and to enter an order overruling said motion, and further proceed with the cause.

WELCH, C.J., and RILEY, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN and GIBSON, JJ., dissent.